﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190408-11819
DATE: January 31, 2020

ORDER

Readjudication of the claim for entitlement to service connection for bipolar disorder is warranted.

Readjudication of the claim for entitlement to service connection for schizoaffective disorder is warranted.

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include bipolar disorder and schizoaffective disorder, is remanded.

FINDING OF FACT

Evidence received after a February 2017 decision of the Board of Veterans’ Appeals (the Board) that denied service connection for an acquired psychiatric disorder, to include bipolar disorder and schizoaffective disorder, is both new and relevant.

CONCLUSION OF LAW

The criteria for readjudicating the claim of service connection for an acquired psychiatric disorder, to include bipolar disorder and schizoaffective disorder, have been met. 38 U.S.C. §§ 5103, 5108A; 38 C.F.R. § 3.2501.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran has active service from September 15, 1978 to February 17, 1979.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with Department of Veterans Affairs’ (VA) decision on their claim to seek review.

The Veteran’s claims comes to the Board from a March 2019 rating decision in which a VA Regional Office (RO or AOJ) concluded that new and relevant evidence had not been submitted to warrant readjudication of the Veteran’s claims. The Veteran was notified of this rating action on April 2, 2019. In July 3, 2019, the Veteran submitted his Decision Review Request: Board Appeal (Notice of Disagreement), opting for the Board’s Evidence Docket. Accordingly, the Board’s review is based on evidence of record at the time of the AOJ’s March 2019 rating decision and any evidence submitted by the Veteran and/or his representative within 90 days following VA’s July 3, 2019 receipt of the Veteran’s Notice of Disagreement. See 38 C.F.R. § 20.303. The March 2019 rating decision did not make any favorable findings binding on the Board. See id. §3.104(c).

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Readjudication of the Veteran’s Claims for Service Connection for Bipolar Disorder and Schizoaffective Disorder

At the outset, reference is made to an April 2011 Board decision that denied service connection for posttraumatic stress disorder (PTSD). The February 2017 Board decision noted that the PTSD claim was separate and distinct from the claim for service connection for an acquired psychiatric disorder, to include bipolar disorder. The observation was made that there was no evidence that the Veteran had attempted to reopen the claim for service connection for PTSD but instead limited the scope of claim. The same rings true in the present appeal. The scope of review will thereby be limited to the question of whether new and relevant evidence has been presented to readjudicate a claim for service connection for an acquired psychiatric disorder, to include bipolar disorder and schizoaffective disorder.

VA regulations, applicable to AMA adjudications, provide that if new and relevant evidence is presented or secured with respect to a supplemental claim, the AOJ will readjudicate the claim taking into consideration all of the evidence of record. If new and relevant evidence is not presented or secured, the agency of original jurisdiction will issue a decision finding that there was insufficient evidence to readjudicate the claim. In determining whether new and relevant evidence is presented or secured, VA will consider any VA treatment records reasonably identified by the claimant and any evidence received by VA after VA issued notice of a decision on the claim and while the evidentiary record was closed. 38 C.F.R. § 3.2501.

New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501(a)(1). New and relevant evidence received before VA issues its decision on a supplemental claim will be considered as having been filed in connection with the claim. 38 C.F.R. § 3.2501(a)(2).

The evidentiary record for a supplemental claim includes all evidence received by VA before VA issues notice of a decision on the supplemental claim. For VA to readjudicate the claim, the evidentiary record must include new and relevant evidence that was not of record as of the date of notice of the prior decision. 38 C.F.R. § 3.2501(b). Upon receipt of a substantially complete supplemental claim, VA’s duty to assist in the gathering of evidence is triggered and includes any such assistance that may help secure new and relevant evidence to complete the supplemental claim application. 38 C.F.R. § 3.2501(c).

In a February 2017 decision, the Board denied the Veteran’s claim for entitlement to service connection for an acquired psychiatric disorder, claimed as bipolar disorder and schizoaffective disorder. Reference was made to the medical evidence of record documenting a wide-range of psychiatric diagnoses for the Veteran, including PTSD, bipolar disorder, schizoaffective disorder, schizophrenia, major depressive disorder, and personality disorder. Outpatient treatment records in May 2013, June 2013, July 2013, and September 2013 showing a history of treatment for depression, schizophrenia, and personality disorder were discussed as well. In denying the Veteran’s claims on the merits, the Board found a May 2016 VA examiner’s diagnosis of a personality disorder probative and denied entitlement to service connection because the Veteran did not have a diagnosed acquired psychiatric disorder for which service connection could be granted. The Veteran did not appeal the Board’s decision to the U.S. Court of Appeals for Veterans Claims. See 38 U.S.C. § 7105; 38 C.F.R. § 20.1103 (as effective prior to January 18, 2019).

Evidence added to the record since the Board’s February 2017 decision is both new and relevant. In a November 2019 statement through his representative, the Veteran contends that VA treatment records from a VA medical center are new and relevant evidence warranting readjudication of his claims. In May 2018, the Veteran sought care for a mental health disorder expressing suicidal and homicidal ideation. A May 23, 2018 VA social worker note discusses the Veteran’s symptoms, which included hearing voices, and possible diagnoses of bipolar disorder and schizophrenia. In December 2018, the Veteran sought care following a period of poor sleep, depression, irritability, and hearing voices that commanded him to do things. The diagnosis noted in the psychiatric note was schizophrenia. In light of the foregoing VA treatment records diagnosing the Veteran with acquired psychiatric disorders, re-adjudication of the claim of entitlement to service connection for an acquired psychiatric disorder, to include bipolar disorder and schizoaffective disorder, is warranted See 38 C.F.R. § 3.2501(a).

REASONS FOR REMAND

Entitlement to Service Connection for an Acquired Psychiatric Disorder Is Remanded

The issue of entitlement to an acquired psychiatric disorder is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. Because it incorrectly declined to readjudicate the Veteran’s claim, the AOJ did not obtain a VA examination prior to issuing the rating decision on appeal. However, as discussed, VA treatment records associated with the claims file prior to the March 2019 rating decision indicated that the Veteran had a diagnosis for a mental health disorder (schizophrenia) that may have been associated with his active service. In particular, the Board notes that the Veteran reported hearing voices in December 2018. The record includes the Veteran’s reports that he first began hearing voices during active service. Accordingly, a new VA examination is necessary to determine the nature and etiology of any acquired psychiatric disorder. See 38 U.S.C. § 5103A; McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

The matters are REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any acquired psychiatric disorder, to include bipolar disorder and schizoaffective disorder. After review of the claims file and examination of the Veteran, the examiner should address the following questions: 

a. Identify/diagnose any acquired psychiatric disorder that presently exists or that has existed during the appeal period. 

b. If the criteria for a diagnosis of an acquired psychiatric disorder are not met, the examiner must provide rationale for that determination. The examiner must also reconcile that finding with the VA treatments records that diagnose the Veteran as having schizoaffective disorder. 

c. For any acquired psychiatric disorder that is diagnosed, to include bipolar disorder and schizophrenia, provide an opinion as to whether it is at least as likely as not that it had its (i) initial onset in-service or within a year of service discharge or (ii) is otherwise etiologically related to an in-service injury, event, or disease.

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Douglas M. Humphrey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.